IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| MIKE ARMSTRONG § | |
| and PEGGY ARMSTRONG § | |
| § | |
| V. § | CIVIL ACTION NO. G-10-202 |
| § | |
| FIDELITY NATIONAL PROPERTY AND § | |
| CASUALTY INSURANCE COMPANY § | |

### OPINION AND ORDER

Before the Court, with the consent of the Parties, is the Motion for Summary Judgment of Defendant, Fidelity National Property and Casualty Insurance Company (Fidelity). The Motion has been fully briefed and is ripe for a determination. Accordingly, the Court now issues this Opinion and Order.

The Plaintiffs, Mike and Peggy Armstrong, own a Pre-FIRM residential structure located at 1030 20th Street in San Leon, Texas. In mid-September 2008, the structure was damaged by an overflow of water from Dickinson Bay caused by Hurricane Ike. At the time, the structure was insured by Fidelity under a Standard Flood Insurance Policy (SFIP) which provided $150,000.00 in building coverage. Fidelity paid the Armstrongs a total of about $18,200.00; however, Fidelity denied the Armstrongs' foundation damage claim. The validity of their claim for foundation damage is the sole remaining issue in this case.

In its Motion, Fidelity argues that the Armstrongs' claim is excluded from coverage under the terms of the flood policy. In pertinent part, the SFIP provides,

> We do not insure for loss to property caused directly by earth movement even if earth movement is caused by flood. Some examples of earth movement that we do not cover are:
>
> . . .
>
> 5.  Destabilization or movement of land that results from accumulation of water in subsurface land area; or
> 6.  Gradual erosion.

This, Fidelity asserts, is precisely what caused the Armstrongs' foundation problems.

The Armstrongs disagree. According to their expert Neil Hall, an architect and engineer, the damage was caused by a phenomenon called "Liquefaction-induced scour." Hall describes liquefaction as "where the flow of water subsurface liquefies the soil, and then that essentially turns the soil to soup . . . and it can't hold up the foundation, and the foundation slips (sinks) . . . until the weight of the building over the foundation squeezes the water back out of the area of influence underneath the foundation, and that will take a couple of years to occur." This, the Armstrongs assert, is precisely what caused the foundation problems, and this is "an accepted form of erosion which falls under the covered scope of the SFIP."

In its reply, Fidelity argues that liquefaction, if it occurred at all, would fall within the earth movement exception and that the Armstrongs' "type-of-covered-erosion" proposition cannot be torturously shoe-horned into the SFIP's definition of covered erosion caused by flood. The Court finds Fidelity's positions the more semantically persuasive.

**ANALYSIS**

The Court will not recite the well-established summary judgment standard; however, it will note that in a non-jury case, where the judge deciding the Motion would also be the ultimate fact finder, that judge has some discretion, except as to credibility, to weigh the summary judgment evidence and to draw reasonable inferences from that evidence in favor of the movant.  In re Placid Oil Co., 932 F.2d 394, 397-98 (5th Cir. 1991)    It also notes that the interpretation of unambiguous contractual language is a matter for the court.  Mason Drug Co., Inc. v. Harris, 597 F.2d 886, 887 (5th Cir. 1979)

The Armstrongs argue that liquefaction-induced scour is not "earth movement" as defined by the SFIP.  The relevant "earth movement" definition is "Destabilization or movement of land that results from accumulation of water in subsurface land area."  According to Hall, a flow of subsurface water under the Armstrongs' home caused the soil to "liquefy" which, in turn, caused the foundation to sink into the ground.  Assuming the land beneath the foundation was firmly established prior to the hurricane, i.e. stable, Hall's explanation clearly describes the SFIP's definition of the exclusion.  Water "accumulated" in the "subsurface land area" beneath the foundation.  As the subsurface water receded it "moved" a substantial percentage of the "earth" away and caused the land surface to lose its firmness, its stability, i.e. to "destabilize."  Cf. West v. Harris, 573 F.2d 873, 876-77 (5th Cir. 1978) cert. denied 440 U.S. 946 (1979), see also, "Webster's Ninth New Collegiate Dictionary" (1984)    Calling the phenomenon "liquefaction-induced scour" does not alter

3

its physical manifestations.  Consequently, the Court finds that the liquefaction-induced scour is "land movement" under the definition of the SFIP and the Armstrongs' foundation damages are  excluded from coverage under that provision.

In coalescing the relevant provisions of 44 C.F.R. § 59.01 and the SFIP, the Court construes the Armstrongs' erosion argument to be as follows:

> There is insurance coverage for the subsidence of their land, which is located along the shore of Dickinson Bay, because the subsidence was the result of undermining by the surface and/or subsurface currents of overflow of waters from Dickinson Bay to an unusually high water level during Hurricane Ike.

The impediment to this proposition is that the Armstrongs' property does not appear to be located "along the shore" of Dickinson Bay; in fact, it is about 280 feet from the natural shoreline.  The Armstrongs, correctly, point out that the SFIP does not state "exactly how far back from a body of water would be too far," but the words must be given their natural meaning.  According to Webster, "along" as used here, would mean "in a parallel position to" or "side-by-side" with the shore.  "Shore" would mean the "land bordering a . . . large body of water."  Admittedly, Black's Law Dictionary (Ninth Edition) defines "shore" as, *inter alia*, the "land adjacent to a body of water," and "adjacent" as "lying near or close to, but not necessarily touching."  Webster's also concedes adjacent "may or may not imply contact," but states it "always implies absence of anything of the same kind in between."  The Google aerial "Neighborhood Map" attached to Hall's report clearly shows that there are three streets and a number of buildings and other structures located on property between the Armstrongs' building and the natural shoreline of Dickinson Bay.  Consequently, the Court

4

finds that the Armstrongs' property is not "along the shore" of Dickinson Bay. As a result, the collapse or subsidence of their property, if any, caused by the overflow of Dickinson Bay during Hurricane Ike was not within the relevant definition of "flood" in the SFIP and the damage is, therefore, not covered.

For the foregoing reasons, it is **ORDERED** that the Motion for Summary Judgment (Instrument no. 36) of Defendant, Fidelity National Property and Casualty Insurance Company, is **GRANTED** and that all remaining claims asserted against Fidelity by Plaintiffs, Mike and Peggy Armstrong, are **DISMISSED**.

**DONE** at Galveston, Texas, this \_\_\_\_\_25th\_\_\_\_\_ day of February, 2014.

_____
John R. Froeschner
United States Magistrate Judge